# FOWLER *v.* DYSON.

---

PATENTS; INTERFERENCE; BURDEN OF PROOF.

1. The junior party to an interference has the burden of proving conception and disclosure of the invention in controversy earlier than his adversary's filing date and either a reduction to practice prior to that date, or due diligence in respect thereto at the date of the constructive reduction to practice by his adversary.

2. *Fowler* v. *McBerty, ante,* 41, applied and followed.

No. 335. Patent Appeals.   Submitted January 11, 1906.   Decided February 6, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                        *Affirmed.*

The facts are sufficiently stated in the opinion.

There was no appearance for the appellant.

*Mr. George P. Barker* and *Mr. De Witt C. Tanner* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

The appellant, Samuel B. Fowler, comes here with the adverse decisions of the three Patent Office tribunals. This, notwithstanding the fact that the appellee, Alfred H. Dyson, has taken no testimony, relying upon his record date. No one appeared for him on the hearing of the case, nor was any brief filed on his behalf.

Fowler being the junior party, the burden is upon him to show conception and disclosure of the invention in controversy earlier than Dyson's filing date, which is February 21, 1902, and either a reduction to practice prior to that date, or due diligence in respect thereto at the date of the constructive reduction to practice by Dyson.

The issue of the interference is:

"1. In a telephone system, the combination of a subscriber's line, a substation switch for closing the line circuit, a central source of current supply connected with the line, a spring jack connected with the line, a cord circuit having a plug adapted for insertion in said jack, a relay arranged to be energized when the line circuit is closed, a line lamp having a normally open local circuit including said source of current supply and a suitable resistance, the local circuit for said line lamp being closed when

the said relay is energized, the said resistance being adapted to permit the passage of only sufficient current to light the said line lamp, a supervisory lamp located in one of the strands of said cord circuit the said supervisory lamp being in parallel with the line lamp when the plug is inserted in the jack, the supervisory lamp thereby operating to shunt out the line lamp when the plug is inserted in the jack, a normally closed shunt around said resistance, said shunt being opened when the line circuit is closed, and the relay energized, and said shunt being closed when the line circuit is opened by said switch, and a suitable resistance located in said shunt.

"2. In a telephone exchange system, the combination with a telephone line extending from a subscriber's station to an exchange and terminating thereat in a line jack, of cord-connecting apparatus for uniting this telephone line with another for conversation, a relay at the exchange operable from the substation, line and clearing-out lamps, parallel conductors including the lamps, a source of current for the line relay and for the lamps, a resistance interposed between the parallel conductors containing the lamps and their source of current, means whereby the cord circuit will complete the parallel branch containing the clearing-out lamp when connection is being established with the line, the armature of the relay serving to close the parallel branch containing the line lamp when attracted, and means controlled by the armature when unattracted for reducing the resistance in circuit with the clearing-out lamp.

"3. In a telephone exchange system, the combination with a telephone line extending from a subscriber's station to an exchange and terminating thereat in a line jack, of cord-connecting apparatus for uniting this telephone line with another for conversation, a relay at the exchange operable from the substation, line and clearing-out lamps, parallel conductors including the lamps, a source of current for the line relay and for the lamps, a resistance interposed between the parallel conductors containing the lamps and their source of current, a second resistance included in a branch parallel to the conductor containing the first resistance, this branch being closed by the armature

of the relay when unattracted, and means whereby the cord circuit will include the clearing-out lamp in circuit when connection is being established with the line, the armature of the relay serving to include the line lamp in circuit when attracted."

The general invention is the same as that of a companion interference between various parties of which only two, Fowler and McBerty, continued the contest to this tribunal. [See *ante,* 41.] The testimony taken in that interference was stipulated into this interference, so far as applicable. We have examined the testimony offered therein on behalf of Fowler, and, as we have reviewed that evidence in that proceeding, and arrived at the conclusion that Fowler cannot be given any earlier date of reduction to practice than the date of filing his application, July 18, 1902, and that, though he is entitled to a conception as of August 12, 1901, he failed to show the diligence required of one who, though first to conceive and disclose, is the later to reduce to practice, the same finding must be made in this case. It follows that the decision of the Commissioner of Patents awarding priority of invention to Alfred H. Dyson, the senior party, was correct, and it is therefore affirmed.

The proceedings in the case in this court will be certified by the clerk to the Commissioner of Patents, as required by law.

*Affirmed.*